NATIONAL LIVE STOCK COMMISSION COM-
PANY, Appellant, v. MARION STATE BANK,
Respondent.

Kansas City Court of Appeals, May 4, 1908.

1. **CONVERSION: Consignor of Shipment: Banks and Banking:
   Evidence: Possession.** The evidence relating to the shipment
   of certain cattle is held sufficient to send the question as to
   whether defendant bank was the consignor to the jury, since
   it is not in the usual course of business for banks to receive
   and credit money on its books without knowing or making in-
   quiry as to from whence it comes and for what purpose; and
   a shipper of stock is impliedly in possession thereof.

2. ————: **Evidence: Moot Question.** Courts do not pass upon
   moot questions, and as the evidence fails to disclose the cir-
   cumstances under which a certain shipment was made the
   question of conversion is not presented on the record.

Appeal from Jackson Circuit Court.—*Hon. Edward E.
Porterfield,* Judge.

REVERSED AND REMANDED.

*Botsford, Deatherage & Young* for appellant.

The single question, on this appeal is, did the Mar-
ion State Bank ratify the shipment in its name by Pal-
mer, of the cattle, by the action of the Marion State
Bank receiving the proceeds of the cattle.   We affirm
that, by the act of receiving the proceeds, the defendant
Marion State Bank did ratify the shipment of the cattle.
Bank v. Lumber Co., 60 Mo. App. 255; McLachlin v.
Barker, 64 Mo. App. 511; Bohlman v. Rossi, 73 Mo. App.
312; Norton v. Bull, 43 Mo. 113; Meehan v. Forrester,
52 N. Y. 277; Henderson v. Railroad, 17 Texas 575;
Railroad v. Huyett, 92 S. W. 454; Building Assn. v.
Newman, 25 S. W. 461; Bank v. Cruger, 91 Texas 446;
Allen v. Garrison, 92 Tex. 548; Jones v. Chapman, 41 S.
W. 527; Savings Assn. v. Baumann, 58 S. W. 49; Coy-

kendall v. Constable, 99 N. Y. 314; Bennett v. Judson, 21 N. Y. 239; Krum v. Beach, 96 N. Y. 400; Fairchild v. McMahon, 139 N. Y. 290; Miles v. Ogden, 54 Wis. 576; Anderson v. Johnson, 77 N. W. 26; Williamson v. Tyson, 17 So. 339; Morrow v. Jones, 41 Neb. 867, 60 N. W. 369; Tower v. Fetz, 26 Neb. 706.

*Warner, Dean, McLeod & Timmonds* and *W. H. Carpenter* for respondent.

The trial court properly sustained respondent's demurrer, and properly overruled appellant's motion to set aside the nonsuit and for a new trial. Lee v. Railway, 67 Kan. 402; Bank v. Loar, 51 W. Va. 540; Megrue v. Lennox, 59 Ohio St. 479; Windsor v. Bank, 18 Mo. App. 675; Pitts v. Mercantile Co., 75 Mo. App. 231; Mechem on Agency, sec. 129; Chouteau v. Allen, 70 Mo. 290; Murray v. Lumber Co., 143 Mass. 250; Thread Co. v. Manufacturing Co., 150 Pa. 314; Owings v. Hull, 34 U. S., 9 Pet. 607; Beenick v. Insurance Co., 150 U. S. 355; Bohart v. Oberne, 36 Kan. 284; Am. & Eng. Enc. of Law (2 Ed.), 1189; Thatcher v. Pray, 113 Mass. 291; Collins v. Peck, 62 Conn. 155; Stanley v. Chamberlain, 39 N. J. L. 565; Humphrey v. Havens, 12 Minn. 298; Hyde v. Larkin, 35 Mo. App. 366; Moore's Ex. v. Patterson, 28 Pa. St. 505; Steunkle & Manawal v. Railroad, 42 Mo. App. 73; State v. Perkins, 90 Mo. App. 610; Bank v. Drake, 29 Kan. 324; Chapman v. Douglas, 107 U. S. 348; Railroad v. Bridge Co., 131 U. S. 389; Am. & Eng. Enc. of Law (2 Ed.), pp. 1196, 1197.

BROADDUS, P. J.—The plaintiff seeks to recover on the following state of facts, viz.: On the 30th day of January, 1903, a certain carload of cattle was shipped to plaintiff who was doing business in Kansas City, Mis-

130 App.—30

souri, as a live stock commission broker, for the purpose of being sold. The cattle were shipped from Elmdale, Kansas, over the Atchison, Topeka & Santa Fe Railroad. The plaintiff sold the cattle on the market for the sum of $812.29, the proceeds of which were remitted to the defendant bank at Marion, Kansas, through the Union National Bank at Kansas City, which sent the following statement to defendant: "The National Live Stock Commission Company has deposited in this bank to your credit eight hundred twelve dollars. and twenty-nine cents."

In order to show that defendant shipped the cattle plaintiff offered in evidence the following paper which it had received from said railroad company viz.:

"The Atchison, Topeka & Santa Fe Railway Company.
From Elmdale,                    Date, Jany. 30, 1902.
   No. of Way-bill 91, Car initial A. T. Car. No. 67818:
       Consignor.   Marion State Bank.
       Consignee.   National Live Stock Co.
       Contents.   27 head of cattle.
       Train No. —.   Total Charges, $2725.   Conductor, 211."

In July, 1905, the Ricker National Bank at Quincy, Illinois, which held a mortgage on said cattle brought suit against plaintiff for their conversion in the circuit court of Jackson county, Missouri. The plaintiff notified defendant herein of the pending of the said suit and that the said Illinois bank claimed that one L. S. Palmer the owner of said cattle had given a mortgage on the same to the McKee-Zook-Whitford Commission Company to secure a note therein described which said company had sold to the said Illinois bank. A copy of the petition was attached to the notice. The cause was tried and said Illinois bank obtained a judgment against this plaintiff for the conversion of said cattle for the sum of $860.38, together with $65.95 costs. The judgment was

paid by the plaintiff and the plaintiff in said cause assigned the same to it.

The defendant denies that it shipped the said cattle to plaintiff and denies that it had any notice that they were shipped in its name. Soon after the reception of the money by defendant from the Union National Bank, the said L. S. Palmer, the said mortgagor informed defendant's cashier that he had made a shipment of cattle to plaintiff and that said sum of money so received from said Union National Bank belonged to him, whereupon said cashier placed the same to the credit of his account. In a short time said Palmer withdrew from defendant's bank all of said money. The defendant offered a demurrer to the plaintiff's case which the court gave whereupon plaintiff took a nonsuit which the court refused to set aside and plaintiff appealed.

We are of the opinion that the court committed error in sustaining a demurrer to plaintiff's case and that the nonsuit should have been set aside. While perhaps exhibit numbered "1" in evidence would not standing alone authorize a submission of plaintiff's case to the jury, we are of the opinion however that there were other circumstances that did authorize such submission. The advice that defendant received from the Union National Bank that plaintiff had deposited to its credit said sum of money, and that it made no inquiry as to the source from whence it came, and that it placed the money to the credit of Palmer without any instruction from plaintiff upon the mere demand of Palmer, forms a chain of circumstances unexplained from which the jury might infer that defendant was in fact the consignor of the cattle. Banks do not receive and pay out money without knowing from what source and on what account received. Had the cashier of defendant not known that Palmer was the shipper of the cattle and that the money in question was the proceeds of the sale, it was not probable that he would have paid over to

him the money without some instructions from plaintiff. Banks do not do business in that manner. Such a course would be unusual. But on the contrary if defendant in fact was the shipper of cattle and knew that they belonged to the said Palmer, then it was a most reasonable thing for it to do to pay over the money to Palmer for it had absolute control of it. And the further circumstance that plaintiff would have deposited the money to the credit of defendant, had Palmer been the shipper of the cattle without some notification that it was the proceeds of a sale of his cattle does not appear probable. The plaintiff was entitled to the benefit of every reasonble inference to be drawn from its case. If we are right in our conclusion thus far the point made by defendant that the action cannot be maintained unless the seller is in the possession of the personal property so sold has no significance, for if it was the shipper of the cattle its possession would be implied.

The evidence thus far does not disclose the circumstances under which the cattle were shipped in the name of defendant, if they were so shipped, and for that reason we are not prepared to discuss the question presented in plaintiff's brief as to whether Palmer merely used defendant's name in the shipment of his cattle and defendant by its after conduct in receiving the proceeds would render it liable for conversion. We do not feel called upon to determine mooted questions. If such a question would necessarily arise in the case we would feel that it was our duty to determine it, but the question does not necessarily belong to the case and it may or may not arise. For the reasons given the cause is reversed and remanded. All concur.